Mark Ibsen
6425 Head Lane
Helena MT 59602

## US DISTRICT COURT,
## MONTANA DISTRICT, HELENA DIVISION

| Mark Ibsen ) | |
|---|---|
| Plaintiff ) | |
| VRS ) | Cause No. |
| ) | Dept No.: |
| Ana Diaz, it's current President in her official ) | |
| capacity Montana Board of Medical Examiners ) | Complaint & |
| (MBOME) ) | Demand for Jury Trial |
| GOVERNOR STEVE BULLOCK, in his official ) | |
| capacity as governor of the state of Montana and; ) | |
| DEPARTMENT OF LABOR, an agency of the ) | |
| State of Montana and; ) | |
| and; ) | |
| John and Jane Does 1-25 ) | |
| Defendants | |

Plaintiff Mark Ibsen M.D. Pro Se for his complaint against Defendants and states as follows:

### JURISDICTION AND VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. §1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

This Court has supplemental jurisdiction over the plaintiff's causes of action arising under the Montana state law under 28 U.S.C. § 1367.4.

Venue lies in the United States District Court of Montana because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Helena, Montana. 28 U.S.C. § 1391(b)(2).5.

The divisional venue is in the Helena Division because the events leading to the claim for relief arose in Lewis and Clark County. M.T.

### Parties:

Defendant State of Montana by and through its Department of Labor Board of Medical Examiners by and through Ana Diaz, it's current President in her official capacity.

Defendants 1-25 are government agencies or businesses or individuals how have or are continuing to violate the constitutional rights against Plaintiff. Further they are individuals yet to be identified in discovery that are state actors who will be stripped of any qualified immunity.

### Background

1) Plaintiff is a citizen of Montana and the United States. He holds the required education and training for an unrestricted license to practice medicine.
2) Plaintiff currently holds an unrestricted license to practice medicine in Montana.
3) Plaintiff's license to practice medicine is a property right.
4) Plaintiff was a subject of a complaint against his license by an employee of a corporation in which he was president. Plaintiff, as president of the corporation, terminated the former employee for cause.
5) The complaint identified nine patients in which Plaintiff was accused of overprescribing narcotic medications.
6) The former employee was not licensed to prescribe medication in Montana. Sara Damm, the former employee, did not have the necessary skills and or training to understand the needs and requirements of prescribing medications to these patients.

7) The MBOME's added 22 new patients in which he was supposed to be misprescribing narcotic medications. This was without proper notice. This left the Plaintiff without the proper notice to defend himself.

8) The MBOME's hearing examiner found Plaintiff guilty of improperly documentation in medical records. Plaintiff's original charges at the hearing did not include improper medical records documentation.

9) The Montana Board of Medical Examiners uses a computer model to identify misprescribing by medical persons holding a license to practice.

10) The model used to identify misuse of prescribing narcotics was flawed. It wrongly identified Plaintiff as one of the doctors misusing the authority to prescribe narcotic medications.

11) While the Prescription Drug Registry is supposed to be a tool to help identify bad doctors, the Registry is a weapon of the Montana Board of Medical Examiners. "<u>Montana's Dignity Clause does not permit a person or entity to force an agonizing, dehumanizing, demeaning, and often protracted death upon a mentally competent, incurably ill individual for the sake of political ideology, religious belief, or a paternalistic sense of ethics.</u>" Baxter v Montana (emphasis added)

12) **The Registry allows the Montana Board of Medical Examiners to become the feared Death Panel everyone feared under the Affordable Care Act.**

13) Montana medical providers practice in fear that the Registry will identify them as prescribing recklessly. Once identified, they will face charges, and they will lose their livelihood and reputation.

14) The threat is so substantial that it causes medical providers not to provide for their patients' privacy and Dignity.

15) In the Montana State Constitution, as defined in the Montana State Supreme Court, the right to privacy & Dignity between the patient and their doctor is decided.

16) Plaintiff went through an independent administrative hearing and was exonerated on all charges of misprescribing medication to patients.

17) In the additional 22 new patients added, Plaintiff was not provided proper notice. They were added to the charges being tried by the Administrative Hearing at the last moment.

18) During the Administrative Hearing Officer's course, additional charges of not keeping proper records were added by the Administrative Hearing Officer. These charges were not even tried in an evidentiary manner. They were just added on by the Administrative Hearing Officer in his findings.

19) Without proper notice, the Administrative Hearing Officer found Plaintiff guilty of not keeping proper medical documentation on two of his patients.

20) Plaintiff has had over 200,000 patient contacts in his medical career. Out of these 200,000 patient contacts, the Administrative Hearing Officer found only two possible charges of improper medical documentation with one patient. This was without proper notice allowing Plaintiff to defend his documentations.

21) Again Plaintiff was subjected to not only the Montana Board of Medical Examiners adding charges without notice, and now the Administrative Hearing Officer is adding additional charges.

22) The charges of improper medical documentation are without merit. No specific medical standards exist to state how medical documentation is completed. Montana holds no laws stating that a physician needs to document anything about patient treatment.

23) In reviewing the Administrative Hearing Officer's findings, the Montana Board of Medical Examiners overturned even this successful win for Plaintiff and held he had been misprescribing.

24) The Montana Board of Medical Examiners' final order was that Plaintiff was subject to disciplinary action against his license.

25) Plaintiff filed for a judicial review in Montana District Court.

26) The findings of the judicial review found that Plaintiff's due process rights were violated.

27) One panel member Dr. Guggenheim (the then President), made certain factual comments that caused the Montana Board of Medical Examiners to use those comments in the findings against Plaintiff.

28) Dr. Guggenheim and the former employee had a relationship. Sara Damm, the originating complainant against Plaintiff, lacked the knowledge, training, or experience to file the original charges against Plaintiff.

29) The Judge sent the case back to the Montana Board of Medical Examiners to correct their flawed final order.

30) In two-plus years since the Montana District Court Order, the Montana Board of Medical Examiners has not corrected the mistakes and issues of improper due process.

31) Plaintiff has sought in Montana District Court an order of Mandamus to force the Montana Board of Medical Examiners to follow the Court's judicial review.

32) On Oct 2, 2020, the day Montana District Court Judge, the Honorable Judge Reynolds, retired from the Bench, the Montana Board of Medical Examiners held a hearing to finalize the Final Order in their actions against the Plaintiff.

33) A pattern of lack of notice has been ongoing in the matter before the Montana Board of Medical Examiners. A prime example is the Board of Medical Examiners' actions in the Oct 2, 2020 meeting.

34) Plaintiff was notified of the Board of Medical Examiners' intended actions with less than five days' notice.

35) Even lack of notice was not enough to violate the Plaintiff's civil rights. The Board of Medical Examiners would not allow the Plaintiff's lawyer to speak during the proceedings. The Board of Medical Examiners muted the Plaintiff's lawyer's microphone and told him to shut up.

36) The Montana Board of Medical Examiners then found Plaintiff guilty of improper medical documentation.

37) On Oct 2, 2020, the Montana Board of Medical Examiners found Plaintiff guilty of not providing proper medical documentation to two patients and restricted his license to a probationary license. He can only practice medicine with the oversight of another medical doctor. He is to get training of the Board's choosing.

38) The actions of the Board of Medical Examiners included reporting the Plaintiff to the National Practice Data Bank. These actions have caused Plaintiff to be subject to disciplinary action in North Dakota, where the Plaintiff holds an unrestrictive license.

39) Plaintiff has sought a review and a protective order from the Montana District Court against the Montana Board of Medical Examiners actions from the Oct 2, 2020 meeting. The Court granted the protective Order and ordered a hearing on Dec 18, 2020.

40) In violation of Montana law, Graden Hahn, Montana Special Assistant Attorney General, filed a response brief. Montana law requires parties to

notice 14 days before a hearing. Plaintiff was given half of the legally required notice.

## CLAIM FOR RELIEF

### COUNT I
### 42 U.S.C. §1983

41) Plaintiff re-alleges and incorporates by reference ¶1–39 Plaintiff claim damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants for violation of his constitutional rights under the color of law.

42) In violation of the Fourth Amendment of the U.S. Constitution, Defendants by and through their actions acting under the color of law used the power they possessed as actors for the State of Montana and the State of Montana has deprived Plaintiff of his due process rights as defined in C.F.R. 38-21-4210.

### Count II

Montana State Tortious Interference with Contractual and Business Relationship

43) Plaintiff re-alleges and incorporates by reference ¶ 1–42

44) Defendant's acts constitute intentional and malicious tortious interference with Plaintiff's contractual and business relationships, which activities are proscribed under Montana's laws.

45) If not preliminary and permanently enjoined by the Court, the Defendant's activity will continue to cause Plaintiff immediate and irreparable harm, damage, detriment, and injury, potentially injuring countless patients relying on Plaintiff for medical care. Plaintiff is entitled to an Order of this Court

enjoining the Defendants and their unlawful activities; since the Plaintiff has no adequate remedy at law.

## COUNT III

46) Plaintiff re-alleges and incorporates by reference ¶¶ 1–45. Plaintiff claims damages for the injuries set forth above against Defendants for violation of his Montana Constitutional rights.

47) This right is the right to practice medicine with Dignity and Privacy within the doctor-patient relationship is inviolable.

48) In Baxter v Montana, Issue. Under the Montana Constitution's privacy and dignity provisions, does a right to die with Dignity exist, including a physician's assistance in dying?

49) Held. Yes. Under the Montana Constitution's privacy and dignity provisions, a right to die with Dignity exists, including a physician's assistance in dying.

> "This right to physician aid in dying quintessentially involves the inviolable right to human Dignity, our most fragile fundamental right. Montana's Dignity Clause does not permit a person or entity to force an agonizing, dehumanizing, demeaning, and often protracted death upon a mentally competent, incurably ill individual for the sake of political ideology, religious belief, or a paternalistic sense of ethics. Society does not have the right to strip a mentally competent, incurably ill individual of her inviolable human Dignity when she seeks aid in dying from her physician. Dignity is a fundamental component of humanness; it is intrinsic to our species; it must be respected throughout life; and it must be honored when one's inevitable destiny is death from an incurable illness." Baxter v Montana

50) "Dignity is a fundamental component of humanness; it is intrinsic to our species; it must be respected throughout life"

51) Interfering with a doctor's practice medicine within the confines of Dignity is a violation of that right. Punishing doctors who use this right to prescribe medications that allow for patient Dignity undermines this right.

52) They are utilizing a computer model to undermine a physician's rights to provide Dignity to a chronically disabled individual. Suppose a physician has the right under the Montana Constitution to provide patient medications to die. In that case, this constitutional right must extend to the physician's right to provide their patient with Dignity during an extended chronic illness.

53) The Montana Board of Medical Examiners use any computerized model to identify and punish licensed medical providers for providing Dignity to their patients and denies Montana's citizens of their constitutional right to Dignity is by its very nature a violation of this right.

54) Even though Plaintiff successfully litigated in his favor any charges identifying Plaintiff as wrongfully prescribing medications, the fact that the model exists and threatens the Privacy and Dignity of the Citizens of Montana including Plaintiff.

## COUNT IV
## 42 U.S.C. §1983

55) Plaintiff re-alleges and incorporates by reference ¶1–39 Plaintiff claim damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants for violation of his constitutional rights under the color of law.

56) In violation of the Fourteenth Amendments of the U.S. Constitution, without proper due process, Defendants by and through their actions acting under the

color of law used the power they possessed as actors for the State of Montana and the State of Montana deprived Plaintiff of his property, right to its reputation, good name, honor, and integrity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

57) Enter judgment in favor of Plaintiffs and against Defendants; Enter an order declaring the Defendant's conduct unconstitutional;
58) Award Plaintiff compensatory and punitive damages against Defendants; Currently, Defendants' actions have cost Plaintiff over four million dollars and anticipatory damages of over four million dollars.
59) Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;
60) Upon proper motion, enter a permanent injunction, requiring the Defendant to follow the law and stop harassing Plaintiff.
61) That the Defendants must pay all of Plaintiff monetary damages for corrective advertising to be conducted by Plaintiff.
62) That Plaintiff is awarded such other, and further relief as this Court deems equitable.

## REQUEST FOR JURY TRIAL

According to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Submitted on this 17 day of Dec 2020,

*[signature]*

Mark Ibsen, Pro Se

Complaint                                                                 Page 10 of 10