IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARK IBSEN,<br><br>            Plaintiffs,<br><br>vs.<br><br>ANA DIAZ, et al.,<br><br>            Defendants. | CV 21–01–H–DWM<br><br>ORDER |

      Plaintiff Mark Ibsen is a licensed physician in the State of Montana. (Doc. 1 at ¶¶ 1–3.) A former employee made a complaint against him to the Department of Labor, Montana Board of Medical Examiners ("the Board"), accusing Ibsen of overprescribing narcotic medications. (*Id.* at ¶ 4.) Following a protracted administrative process, the Board ultimately "found [Ibsen] guilty of not providing proper medical documentation to two patients and restricted his license to a probationary license." (*Id.* at ¶ 37.)

      On January 6, 2021, proceeding pro se, Ibsen sued Ana Diaz in her official capacity as the President of the Board; Steve Bullock in his official capacity as the former governor of Montana; and the Department of Labor, an agency of the State of Montana. (*See generally id.*) Ibsen alleges procedural due process violations under the Fourth and Fourteenth Amendments to the United States Constitution, 42

1

U.S.C. § 1983 (Counts I, IV); a privacy claim under the Montana Constitution (Count III); and a state law claim for tortious interference with contractual and business relationships (Count II). (*Id.*) He seeks declaratory and injunctive relief, as well as monetary relief in the amount of $8 million. (*Id.* at 10.) He also requests "monetary damages for corrective advertising" and attorney fees. (*Id.*)

All three defendants seek to dismiss Ibsen's complaint. (Docs. 4, 6, 9.) In response, Ibsen indicates that he would like to file an amended complaint and seeks 60 days to pursue discovery to do so. (*See* Doc. 12 at 6.) As explained below, the defendants' motions are granted and Ibsen's request for additional time and leave to amend denied.

## ANALYSIS

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("[W]here the petitioner is pro se, particularly in civil rights cases, [courts have the obligation] to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." (internal quotation marks omitted)). And, at this stage of the proceeding, the factual allegations in Ibsen's complaint are accepted as true and construed in his favor. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869

F.3d 795, 800 (9th Cir. 2017). But ultimately, the federal court is a court of limited jurisdiction and many of Ibsen's claims simply cannot proceed in this forum. As explained below, Ibsen's federal claims for injunctive relief are barred by *Younger v. Harris*, 401 U.S. 37, 53 (1971). *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (extending *Younger* to preclude equitable interventions in noncriminal judicial proceedings where the state is a party and important state interests are implicated). The Eleventh Amendment then bars his claims against the Department and his claims for monetary damages against the Individual Defendants in their official capacities, *Will v. Michigan Dep't of St. Police*, 491 U.S. 58, 70–71 (1988), leaving only a potential claim for monetary damages based on a procedural due process violation against the Governor and/or Diaz in their individual capacities. No such claim has been pled nor would one be viable. And, in the absence of such a claim, there is no federal subject matter jurisdiction.

I. ***Younger* Abstention**

Ibsen's claims of procedural due process violations of the Fourth and Fourteenth Amendments are barred by the doctrine set forth in *Younger*. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied*

391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40–41).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)); *see Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 (citing *Gilbertson v. Albright*, 381 F.3d at 978, 983–84 (9th Cir. 2004)).

Here, the "threshold elements" are met. First, Ibsen is currently seeking judicial review of the Board's decision in state court, as indicated by his filing a "Petition for Judicial Review, Motion to Stay Board's Order Pending Review, and Motion for Sanctions" before the Montana First Judicial District Court, Lewis and

4

Clark County, dated January 28, 2021. (Doc. 7-1.) Second, this matter is a noncriminal judicial proceeding where the state is a party and important state interests are implicated. *Cf. Middlesex Cty.*, 457 U.S. at 432 (recognizing that states have an important interest in exercising control over the processional conduct of attorneys); *see also Buckwalter v. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012) ("It is self-evident that the Board's disciplinary proceedings implicate the important state interest of ensuring quality health care."). This Court may not interfere with those interests when the judicial review process is ongoing. Finally, Ibsen has an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights. *See* Mont. Code Ann. § 2–4–704(2)(a)(i) (permitting consideration of whether "the administrative findings, inferences, conclusions, or decisions are . . . in violation of constitutional . . . provisions"). It also appears he has done so. (*See* Doc. 7-1 at 12–13.)

*Younger* principles apply and a stay is appropriate when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were violated." *Gilbertson*, 381 F.3d at 984. But "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding whether Ibsen's constitutional rights were violated would have the effect of interfering with the "state courts'

5

ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on the constitutional issues raised here would impermissibly risk interfering with the State of Montana's administration of its judicial system.

Because all four prongs of the *Younger* test are satisfied, the Court must abstain from adjudicating Ibsen's claims unless exceptional circumstances exist. *Middlesex Cty.*, 457 U.S. at 435. The recognized exceptional circumstances are limited to "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* Ibsen has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007). Accordingly, Ibsen's claims for injunctive relief are dismissed, leaving only his claims for monetary relief. Those are addressed below.

## II. Eleventh Amendment Immunity

The Eleventh Amendment bars claims for monetary damages against states and state officials acting in their official capacity. *Will*, 491 U.S. at 70–71; *see*

6

*also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."). Here, Ibsen has sued a state agency (the Department of Labor) and two state officials (the Governor and the President of the Board) in their official capacities. Because these claims are barred, they are also dismissed.

### III. Individual Defendants

While the present complaint is specifically limited to suing the Individual Defendants in their "official" capacities, Ibsen could potentially sue the Individual Defendants for monetary damages in their "individual" capacities. *See Hafer*, 502 U.S. at 31. But to do so, Ibsen would need to adequately plead a connection between the constitutional violations at issue and the specific behavior of each defendant. *Suever v. Connell*, 579 F.3d 1047, 1060–61 (9th Cir. 2009). Even construing Ibsen's complaint liberally and broadly, he fails to implicate the personal actions of either the Governor or Diaz insofar as his procedural due process rights are concerned. Nor can he state a viable claim against either individual. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Governor is not involved in the Board's disciplinary process. And even if Diaz was involved, the nature of Ibsen's claims regard potential actions taken during the disciplinary process, which would fall within the scope of absolute immunity. *See Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922–29 (9th Cir. 2004); *Mishler v. Clift*, 191

F.3d 998, 1008–09 (9th Cir. 1999) ("[H]olding hearings, taking evidence, and adjudicating are functions that are inherently judicial in nature."). Accordingly, granting Ibsen leave to amend his complaint would be futile. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000).

### CONCLUSION

Based on the foregoing, IT IS ORDERED that the defendants' motions to dismiss (Docs. 4, 6, 9) are GRANTED as to Ibsen's federal claims. Because amendment would be futile, Ibsen's request for leave to amend and for further discovery (*see* Doc. 12) is DENIED.

IT IS FURTHER ORDERED that in the absence of any remaining claims over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Ibsen's state law claims. *See* 28 U.S.C. § 1367(c)(3).

IT IS FURTHER ORDERED that Ibsen's Complaint is DISMISSED. The Clerk is directed to enter judgment consistent with this Order and close the case.

DATED this 7th day of April, 2021.

Donald W. Molloy, District Judge
United States District Court